IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROY LEE PALMER,

        Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS, and
CHARLIE DANIELS, Warden,

        Respondents.

Civil No. 05-1624-BR

OPINION AND ORDER

    ROY LEE PALMER
    Fed. Reg. No. 10846-097
    Federal Correctional Institution
    P.O. Box 5000
    Sheridan, OR 97378-5000

        Petitioner *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    1000 S.W. Third Ave., Suite 600
    Portland, OR 97204

        Attorneys for Respondents

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, a former inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner alleges his due process and equal protection rights were violated when Bureau of Prison officials denied him sufficient good time credits for time spent in a State of California jail facility as a federal inmate. By way of remedy, Petitioner seeks five additional days of good-time credit. Currently before the Court is Respondent's Motion to Dismiss the Petition. Petitioner did not file a response to Respondent's Motion.

## BACKGROUND

On November 20, 1998, Petitioner was sentenced in the United States District Court for the Eastern District of California to 87 months of imprisonment, followed by a three-year term of supervised release. After serving his term of imprisonment, Petitioner was released from custody and began serving his supervised release term. On December 10, 2004, Petitioner's supervised release was revoked, and Petitioner was ordered back into custody for a period of one year and one day.

Petitioner served his sentence for violating the terms of his supervised release at FCI Sheridan. He completed his Petition for Writ of Habeas Corpus on October 15, 2005, and mailed it to this Court on October 20, 2005. The Petition was received by the Court and filed on October 24, 2005, the same date Petitioner was

2 - OPINION AND ORDER -

released from custody, and, as a consequence, his sentence fully expired.

## DISCUSSION

The case or controversy provision of Article III, § 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1955)). This means that, throughout the litigation, petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477). Whether a case does not meet the case-or-controversy requirements of Article III, and is thus moot, is a question of federal law upon which the federal court "must pronounce final judgment." *Liner v. Jafco*, 375 U.S. 301, 304 (1964) (citing *Love v. Griffith*, 266 U.S. 32 (1924)).

Generally, so long as an inmate is "in custody" at the time a habeas petition is filed, the fact that his sentence expires during the pendency of his habeas case attacking the validity of his conviction or sentence does not render the petition moot. This is so because "collateral consequences" of the conviction result in "a substantial stake in the judgment of conviction which

3 - OPINION AND ORDER -

survives the satisfaction of the sentence imposed upon him." *Carafas v. LaValle*, 391 U.S. 234, 237 (1968) (quoting *Fiswick v. United States*, 329 U.S. 211, 222 (1946)). This presumption of collateral consequences does not, however, necessarily extend to other contexts.

Here, because Petitioner's sentence expired the day his Petition was filed with the court, no collateral consequences may arise from the denial of good time credits, and no injury exists which may be redressed by a favorable decision of this Court. Accordingly, the Petition for Writ of Habeas Corpus must be denied as moot. *See Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002) (habeas petition attacking deprivation of good time credits is moot when petitioner has fully served the period incarceration that he is attacking), *cert. denied*, 540 U.S. 1218 (2004).

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus, and DISMISSES this action.

IT IS SO ORDERED.

DATED this 17th day of March, 2006.

_____
ANNA J. BROWN
United States District Judge

4 - OPINION AND ORDER -